7. Sandra Sikorski v. Acting Commissioner Berryhill So where does the ALJ resolve what could be the important question, whether these bathroom breaks need to be 5 minutes apiece, which seems to be somehow within normal workplace constraints, or 10 minutes apiece? The ALJ doesn't make a specific finding about that. But doesn't that, as Mr. Brown was saying, doesn't that make all the difference? If they're 10 minutes apiece, all of a sudden, you know, 6 times 10 would be an hour. You know, if it's at the low end of 6 a day, if it's 9, it's an hour and a half. If it's only 5 minutes apiece, then one could imagine, you know, visiting the restroom before the workday begins, 2 hours later, 2 hours later. That's just 3 breaks during the day, and one of them probably coincides with lunch. Very easy to see that that probably doesn't preclude employment. Isn't this important? Well, a couple points on that. The most critical thing is that this case was decided at step 4, where the ALJ found that Plaintiff could perform her past work as a shipping checker, and she actually performed that job. And Plaintiff's testimony at the hearing was that she had needed to use the restroom with the same frequency since the year before her colon surgery in 2005. She worked in the shipping checker position in 2004 and 2005. So based on her testimony at the hearing, the need to use the bathroom didn't impact her ability to do that work as she had performed it in the past. The second point is, as you mentioned, the Vocation Officer did testify that the claimant would be allowed 3 to 4 restroom breaks, one break every 2 hours, in addition to regular breaks that are provided. But those are 5-minute breaks, right? 5-minute breaks, yes. So if she needs 10, I'm just trying to play through this. I'm just a little surprised that you don't have a finding from the ALJ. I don't think the record supports 10, you know, because she held down the other job. It's not up to us to speculate, but why did that happen? The critical point, again, is just that she had worked in the shipping checker job in the past with the same level of frequency needing to use the restroom. It was the record didn't compel the ALJ to find that she needed a specific limitation due to needing the restroom. But we don't know, based on the past work, whether she just happened to have a very forgiving employer who didn't mind if she was away from her desk for 10-minute periods of time, or whether, you know, she was really staying within 5 minutes. We don't know any of those details, which might be relevant to her ability to have future comparable work at the Step 4 level even. What's critical is that the ALJ found that she could perform her past work as she had actually performed it, the statute. But I understand the ALJ said that, and believe me, after all these years I certainly understand the difference between Step 4 and Step 5. But what I don't see in the record is what we sometimes encounter. Sometimes people say, you know, even though I needed to take a lot of extra time off work, my employer was very flexible, you know, they let me work an extra half hour at the end of the day or whatever, maybe they just let me not be at my desk as much. Sometimes you see that. Sometimes you see work-to-rule employers who really mean 5 minutes and that's it. And we don't know why her particular past work was something that was something she could manage. Well, I would point out that the burden of proof is on plaintiffs to establish that she can't do her past work. And if the record doesn't indicate that she was accommodated in that position, then it's plaintiff's burden to show that, not the ALJ's. In addition, in terms of mental impairments, there's an argument, there's an issue where the ALJ found that the mental impairments were non-severe and did not include any limitations in the RFC finding. First of all, the ALJ's finding that the impairments were non-severe is supported by the medical opinions of Dr. Lowe, who reviewed the record initially, and Dr. Heinemann, who reviewed the complete record and testified at the hearing. These opinions are uncontradicted. No doctor indicated that she had an impairment, a severe impairment, or any work-related limitations due to that impairment. In addition, the ALJ didn't just find at step two that she had a non-severe impairment and then ignored mental impairments. She discussed the evidence in the section of the decision detailing her RFC finding. She considered plaintiff's reports that she had no difficulty concentrating, paying attention, following instructions, or getting along with others. She considered that plaintiff received no medication beyond her primary care providers. She gave significant weight to the medical opinions. There's some hint in the record that her failure to follow up on some of these things and the limited medication comes for economic reasons, which would destroy an inference that she's not getting the medication because she feels fine. Maybe she's not getting the medication because she can't afford it. Well, she's getting medication from her primary care physician, and she testifies to that. There's no indication that she's unable to see her. I mean, she certainly sees her primary care doctor when she has symptoms of depression. I don't see any clear indication that financial constraints are limiting her ability to get care. She postpones the colonoscopy forever, though, maybe so she doesn't want to do it. But, you know, this recurs and recurs in the record. I'm not sure that there's clear evidence, though, that she's unable to see a, that she's ever referred to even see a specialist or that she is unable to do so for financial reasons. There's evidence that she went to family counseling sessions. Those records aren't included. But there's certainly evidence that she was able to see some sort of professional for family counseling issues. Also, in terms of physical impairments,  there's no opinion. Dr. Balinski considered her Crohn's disease. Also, Dr. Balinski considered that she alleged needing to use the bathroom six to nine times per day, but he found that she could still perform a range of medium work, even with those conditions. And there's no opinion from any doctor that contradicts Dr. Balinski's opinion. Plaintiff also alleges that the ALJ should have obtained more evidence, but she was represented by counsel below. And it was her burden to prove the claim. The record that ALJ developed included treatment notes, consultative examination, medical opinions from reviewers, and a medical expert. And plaintiff specifically advised ALJ at the hearing that she had no written evidence additional to submit. It was plaintiff's burden to prove that her limitations prevented her from performing her past work. The ALJ reasonably relied on the uncontradicted opinions of record in finding that she was not disabled. Unless this court has further questions, we would ask that the court affirm the ALJ's decision. All right. Apparently not. Thank you very much. Mr. Brown. Yes. Your honors. The defendant asserts that there were no medical opinions in the record from the claimants treating sources. And that is true in terms of an explicit medical opinion that she can't work because of her Crohn's. There's nothing in the record that says that. What we are asserting here is that the claimant's allegations, which are well documented in the record about the frequency of her Crohn's, weren't analyzed or explained explicitly enough by the ALJ. So regardless of those medical opinions, I do think that especially in conjunction with what the vocational expert said here, that the claimant presented enough evidence of her limitations with regards to Crohn's and that the ALJ just didn't explicitly deal with that evidence in rendering her decision. Had the ALJ explicitly dealt with that evidence, she would have had to say something like she has to take X amount of rest periods per day that are unexpected. All right. Thank you very much. Thanks to both counsel. We'll take the case under advisement.